IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| RODNEY CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 04-1254-T-An |
| | ) | |
| THE PROCTER & GAMBLE | ) | |
| MANUFACTURING COMPANY, | ) | |
| a corporation, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS MOOT

This action was filed by Tony B. Lusby, Leon Lake, Olivia Farrington, Willie Carney, Rodney Clark, Reginald Charles, Fred Jones and Carol Newsom,[1] against their employer, Procter & Gamble Manufacturing Company ("P&G"). Plaintiffs alleged that they were unlawfully denied promotions on the basis of their race and subjected to retaliation because of their complaints of discrimination. The complaint asserted causes of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; 42 U.S.C. §§ 1981, 1985 and 1986; the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-21-101 *et seq.*; and state common-law conspiracy principles.

On September 29, 2004, the court granted Defendant P&G's motion for partial

---

[1] Ms. Newsom's claims were voluntarily dismissed with prejudice on April 15, 2004.

summary judgment on (1) all Title VII claims brought by Plaintiffs Farrington, Clark and Charles; (2) Title VII claims brought by Plaintiffs Lusby, Lake, Carney and Jones arising out of certain EEOC charges; (3) all THRA claims except those brought by Plaintiff Clark; and (4) all conspiracy claims. The court denied the motion as to all of the Plaintiffs' claims under 42 U.S.C. § 1981. On October 1, 2004, the court granted Defendant's motion to sever the cases.

Pending before the court are Defendant's motion for summary judgment on substantive grounds [Docket # 46] and Defendant's motion to dismiss or, alternatively, motion for summary judgment on the grounds of standing and judicial estoppel [Docket # 50] against Plaintiff Rodney Clark. Plaintiff has not responded to either motion. For the reasons set forth below, the motion for summary judgment on substantive grounds is DENIED as moot, and the motion to dismiss or, alternatively, for summary judgment on the grounds of standing and judicial estoppel is GRANTED.

Although Defendant has moved to either dismiss the action or for summary judgment, because the court has relied on materials outside of the record, the motion will be treated as one for summary judgment. Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. To prevail on a motion for summary judgment, the moving party has the burden of showing the "absence of a genuine issue of material fact as to an essential element of the nonmovant's case." Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989). The moving party may support the motion with affidavits or other proof or by exposing the lack of evidence on an issue for which the nonmoving party will bear the

burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The opposing party may not rest upon the pleadings but, "by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

"If the defendant . . . moves for summary judgment . . . based on the lack of proof of a material fact, . . . [t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). The court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter, however. Anderson, 477 U.S. at 249. Rather, "[t]he inquiry on a summary judgment motion . . . is . . . 'whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law.'" Street, 886 F.2d at 1479 (quoting Anderson, 477 U.S. at 251-52). Doubts as to the existence of a genuine issue for trial are resolved against the moving party. Adickes v. S. H. Kress & Co., 398 U.S. 144, 158-59 (1970).

If a party does not respond to a motion for summary judgment, the Federal Rules of Civil Procedure provide that "summary judgment, if appropriate, shall be entered against him." Fed. R. Civ. P. 56(e). The fact that Plaintiff did not respond does not require granting Defendants' motion. However, if the allegations of the complaint are contravened by Defendants' affidavits and Defendants are entitled to judgment as a matter of law on those facts, then summary judgment is appropriate. Wilson v. City of Zanesville, 954 F.2d 349,

351 (6th Cir. 1992).

The undisputed facts are as follows.[2] Plaintiff was hired by Defendant in November 1996. In April 2001, Plaintiff was not promoted, an event which gave rise to the claims asserted in Plaintiff's complaint. In September 2001, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Complaint at para. 7. The EEOC issued a right-to-sue letter on this charge on October 29, 2002. Plaintiff Clark filed a similar EEOC charge on April 18, 2002. The complaint was filed in this court on July 8, 2003.

On October 23, 2001, approximately one month after filing his first EEOC charge, Plaintiff filed a voluntary petition for a Chapter 13 bankruptcy with the United States Bankruptcy Court for the West District of Tennessee. Defendant's Exhibit B. Neither the schedules nor Plaintiff's statement of financial affairs attached to Plaintiff's petition listed any potential claims against Defendant as part of the assets of the bankruptcy estate. Id. Plaintiff affirmed under penalty of perjury that the information was true and correct. Id. Plaintiff's Chapter 13 plan was confirmed on March 6, 2002. Plaintiff has never amended his bankruptcy schedules or his statement of financial affairs to disclose his claims against Defendant as an asset of the estate.

At his deposition in June 2004, Plaintiff testified as follows concerning his bankruptcy.

---

[2] The facts are stated for the purpose of deciding this motion only.

4

> Q. You filed bankruptcy, have you not?
>
> A. Yes.
>
> Q. Have you reported this claim to the bankruptcy trustee?
>
> A. This lawsuit?
>
> Q. Yes.
>
> A. No, I haven't.
>
> Q. You intend to get money for this lawsuit; correct?
>
> A. If it – if it leads to that, yes.
>
> Q. So that's an asset to you that's potentially worth money; correct?
>
> A. And once it happens, I will do the necessary follow-up on it.
>
> Q. And you don't think you have an obligation to report a potential claim to a – that's involved in active litigation to the bankruptcy trustee?
>
> A. I have no money. You don't have any intention of settling.
>
> Q. Not my question. You don't think you have an obligation to report this pending claim to the bankruptcy trustee?
>
> A. Once – if – once there is a settlement or what have you, I have an obligation then I feel.

Plaintiff's Depo. at 309-10.

    Defendant first contends that Plaintiff lacks standing to pursue the claims in this lawsuit because claims that arise prior to or during a bankruptcy are property of the bankruptcy estate. According to Defendant, because this action is a part of Plaintiff's bankruptcy estate, the bankruptcy trustee, not Plaintiff, has standing to bring the claim.

Section § 541(a) of the Bankruptcy Code states in part:

> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such an estate is comprised of all of the following property, wherever located and by whomever held:
>
> (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in the property as of the commencement of the case.

11 U.S.C. § 541(a). Section 541 vests legal claims in the bankruptcy estate. Accordingly, the right to pursue those claims is the exclusive province of the bankruptcy trustee, and the debtor does not have standing to bring those claims in a court of law. See Bauer v. Commerce Union Bank, 859 F.2d 438 (6th Cir.1988).  As explained in Snyder v. United States, 63 Fed.Cl. 762, 765 (Fed. Cl. 2005),

> Federal bankruptcy law provides that "[t]he commencement of a [bankruptcy proceeding] creates a [bankruptcy] estate," 11 U.S.C. § 541(a)(1) (2000), and confers upon a court-appointed trustee the representative capacity to sue or be sued on behalf of the estate, 11 U.S.C. § 323(a)-(b) (2000) ("The [bankruptcy] trustee ⋯ has capacity to sue and be sued."). See also In re Luongo, 259 F.3d 323, 335 (5th Cir.2001) ("The commencement of the bankruptcy case creates a bankruptcy estate, which includes all 'legal and equitable interests of the debtor.' ") (citations omitted); Tyler House Apartments, Ltd. v. United States, 38 Fed.Cl. 1, 6 (1997) ("[T]he power to assert ⋯ a claim [on behalf of the debtor] rests solely with the bankruptcy trustee.") (emphasis added) (citing 11 U.S.C. § 323(a) and Bauer v. Commerce Union Bank, 859 F.2d 438, 441 (6th Cir.1988), cert. denied,489 U.S. 1079, 109 S.Ct. 1531, 103 L.Ed.2d 836 (1989)). Federal law dictates that the bankruptcy trustee is the only party with standing to bring a claim on behalf of a bankruptcy estate and is therefore the real party in interest under RCFC 17(a).
>
> Because, as defendant argues, "claims arising out of tax years which preceded the date of the filing of the bankruptcy petition become part of the bankruptcy estate," Def.'s Memo. 4-5 (citing Kokoszka v. Belford, 417 U.S. 642, 647-48, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974) and Barowsky v. Serelson, 946 F.2d 1516, 1517-18 (10th Cir.1991)), and because the bankruptcy trustee is the only

6

representative with the capacity to sue or be sued concerning claims arising from the bankruptcy estate, plaintiffs are not the real party in interest with respect to the claims contained in their complaint.

A debtor can reclaim standing to pursue an action if the bankruptcy trustee abandons the claim or the bankruptcy court orders the claim abandoned.[3] However, in this case, neither the trustee nor the bankruptcy court has done so. Therefore, the action must be dismissed because Plaintiff does not have standing to pursue it.

Alternatively, the action must be dismissed on the ground of judicial estoppel. Defendant argues, and the court agrees, that Plaintiff's bankruptcy proceedings bar this action under the doctrine of judicial estoppel because he did not disclose the existence of his discrimination claims in his schedule of assets.

The Bankruptcy Code requires a debtor to file "a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs." 11 U.S.C. § 521(1). A legal claim or cause of action is an asset that must be listed under § 521(1). See Eubanks v. CBSK Financial Group, Inc., 385 F.3d 894, 897 (6th Cir. 2004). "The duty of disclosure is a continuing one, and a debtor is required to disclose all potential causes of action." In re Coastal Plains, Inc., 179 F.3d 197, 208 (5th Cir.1999) (citation omitted). "Viewed against the backdrop of the bankruptcy system and the ends it

---

[3] 11 U.S.C. § 554 states in relevant part:

(a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate. (b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

seeks to achieve, the importance of this disclosure duty cannot be overemphasized." Id.

The doctrine of judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." New Hampshire v. Maine, 532 U.S. 742, 749 (2001) (citation omitted). Judicial estoppel "preserve[s] the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship." Browning v. Levy, 283 F.3d 761, 776 (6th Cir. 2002) (quotation omitted). See also Reynolds v. Commissioner, 861 F.2d 469, 472 (6th Cir.1988).

The Supreme Court has identified three considerations that are typically relevant in determining whether judicial estoppel should apply: (1) "a party's later position must be clearly inconsistent with its earlier position"; (2) "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceedings would create the perception that either the first or the second court was misled"; and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." New Hampshire, 532 U.S. at 750-51 (internal quotations and citations omitted). In Browning, the court focused on the first two factors identified in New Hampshire and described judicial estoppel as barring a party from "(1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position either as a preliminary matter or as part of a final disposition." 283 F.3d at 775 (internal quotation omitted).

Plaintiff has met the two <u>Browing</u> factors in that he (1) now asserts a position contrary to the one that he asserted under oath in a prior proceeding by bringing claims he swore he did not have in the statement of financial affairs and schedule of personal property; and (2) the bankruptcy court adopted the contrary position in its order confirming his Chapter 13 bankruptcy plan. As to the first factor, the Sixth Circuit has held that pursuing a cause of action not disclosed as an asset in a bankruptcy filing creates an inconsistency sufficient to support judicial estoppel. <u>See</u> <u>Eubanks</u>, 385 F.3d at 898; <u>Browning</u>, 283 F.3d at 775. The Sixth Circuit also has held that an order confirming a Chapter 13 plan adopts the debtor's statement that he has no potential causes of action and supports a finding that the second factor has been met. <u>See</u> <u>Reynolds v. Commissioner</u>, 861 F.2d 469, 473 (6th Cir.1988). Thus, Plaintiff's actions in his bankruptcy proceeding and in the present case establish the two factors necessary for the court to apply the doctrine of judicial estoppel to his present claim of discrimination.

Although there is a good faith exception to judicial estoppel, <u>see</u> <u>New Hampshire</u>, 532 U.S. at 753 ("We do not question that it may be appropriate to resist application of judicial estoppel when a party's prior position was based on inadvertence or mistake." (internal quotation omitted)), Plaintiff has presented no facts to the court to suggest that his failure to list his discrimination claim was the result of inadvertence or a mistake. To the contrary, Plaintiff's deposition testimony reveals that he was aware of his obligation to report his claim to the bankruptcy court but did not do so.

The present case is distinguishable from <u>Eubanks v. CBSK Fin. Group, Inc.</u>, 385 F.3d

894 (6th Cir.2004), in which the appellate court reversed the district court's decision to apply judicial estoppel despite the plaintiffs' knowledge of a potential claim that was omitted from their bankruptcy petition. The court noted that an absence of bad faith, as well as mistake and inadvertence, should be considered when applying judicial estoppel. Id. at 895. Although the plaintiffs in Eubanks omitted their cause of action from the bankruptcy schedules, they (1) notified the bankruptcy trustee of the claim and the trustee requested all of the documents regarding the claim; (2) asked the trustee on several occasions whether he intended to pursue the claim on behalf of the estate; (3) moved the bankruptcy court for a status conference on the issue of the claim; (4) unsuccessfully moved to allow the trustee to be substituted for plaintiffs in their lawsuit after the trustee refused to abandon the claim in the bankruptcy proceeding; and (5) filed an amendment to their original bankruptcy petition to add the lawsuit to their bankruptcy schedules after the defendant filed a motion to dismiss on the basis of judicial estoppel. Id. at 895-97. The court held that, although the plaintiffs had knowledge of the potential claim during the pendency of the bankruptcy proceeding, the above listed actions demonstrated that their omission was in good faith and mostly likely inadvertent. Id. at 899 & n. 3. Thus, even if the debtor has knowledge of a potential cause of action, if the plaintiff does not actively conceal it and, instead, takes affirmative steps to inform the trustee and the bankruptcy court of the action, judicial estoppel will not bar that cause of action. In the present case, Plaintiff has presented no evidence that he has taken any steps to apprise the bankruptcy court of this lawsuit.

Because Plaintiff lacks standing to bring this action and because the action is barred

by the doctrine of judicial estoppel, the motion to dismiss or, alternatively, for summary judgment on the grounds of standing and judicial estoppel [Docket # 50] is GRANTED. Defendant's motion for summary judgment [Docket # 46] is DENIED as moot. The clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.

 S/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE